IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JESSIE BLANKENSHIP,

    Plaintiff,

v.

ANNA BECKER,

    Defendants.

OPINION and ORDER

23-cv-818-wmc

    Plaintiff Jessie Blankenship, who is representing himself, has filed a lawsuit against Anna Becker, the state court judge who oversaw one of his state court criminal cases. Plaintiff alleges that Becker misapplied the law and he was convicted of "battery by prisoner" even though he was not a prisoner at the time of the underlying incident. Under 28 U.S.C. § 1915(e)(2) and § 1915A, this court must screen and dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

    Even under this relaxed pleading standard, however, plaintiff may not proceed with this lawsuit because it is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which prohibits a plaintiff from bringing claims for damages under § 1983 if judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." In other words, to the extent plaintiff is attempting by this lawsuit to undo the effects of his state court conviction, he cannot bring such claims unless his conviction has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of

1

habeas corpus." *Id*. at 486-87. Because plaintiff has not made such a showing, any claims challenging a state court conviction are barred. Moreover, Judge Becker would be immune from any claims for damages under the doctrine of judicial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004).

Accordingly, this case must be dismissed.

## ORDER

IT IS ORDERED that this case is DISMISSED under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The clerk of court is directed to enter judgment and close this case.

Entered this 23rd day of July, 2024.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge